IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JUSTIN MITCHELL OLIVER, #A4015015, | ) ) | CIV. NO. 1:18-cv-00425 LEK-RLP |
|---|---|---|
| | ) | DISMISSAL ORDER |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| STATE OF HAWAII, | ) ) | |
| Defendant. | ) ) ) | |

# DISMISSAL ORDER

Before the court is pro se Plaintiff Justin Mitchell Oliver's prisoner civil rights Complaint. ECF No. 1. Oliver alleges that the State of Hawaii maliciously prosecuted and unlawfully incarcerated him, based on an alleged violation of his speedy trial rights. He seeks compensatory and punitive damages only.

For the following reasons, Oliver's Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), for failure to state a colorable claim for relief. Because amendment is futile, this dismissal is without leave to amend, but without prejudice to raising these claims in a petition for writ of habeas corpus.

## I. LEGAL STANDARDS

Because he is a prisoner proceeding in forma pauperis, the court must screen Oliver's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims

that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a complaint must allege enough facts to provide both "fair notice" of the claim asserted and "the grounds upon which [that claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Pro se pleadings must be liberally construed and all doubts should be resolved in the pro se plaintiff's favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). If the defects in the complaint can be corrected, leave to amend must be granted, *Lopez*, 203 F.3d at 1130; if a claim or complaint cannot be

saved by amendment, dismissal without leave to amend or with prejudice is appropriate, *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **DISCUSSION**

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff cannot bring a § 1983 claim arising out of alleged unconstitutional activities that resulted in his criminal conviction, unless the conviction is first reversed, expunged, set aside, or otherwise called into question. *Heck*, 512 U.S. at 486-87. If a plaintiff seeks damages in a § 1983 suit based on alleged illegalities during his criminal trial, the district court must "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed." *Id.*, 512 U.S. at 487.

That is, a § 1983 claim is barred if the "plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" *Cunningham v. Gates*, 312 F.3d 1148, 1153-54 (9th Cir. 2002) (citing *Heck*, 512 U.S. at 487 n.6). This is called the "favorable termination" rule. *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding *Heck's* favorable termination rule applies to prison disciplinary proceedings that resulted in the loss of good time credits).

3

A plaintiff may still bring § 1983 claims challenging alleged unconstitutional actions during trial, if success on those claims would not necessarily invalidate a criminal conviction or sentence. *See Heck*, 512 U.S. at 487 n.7 (explaining that, "[b]ecause of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful") (citations omitted); *see also Beets v. Cty. of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2011) ("[T]he relevant question is whether success in a subsequent 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence.").

Oliver's allegations that the Honorable Shackley Raffetto and the state prosecutor maliciously prosecuted him in violation of his speedy trial rights are clearly barred under *Heck*, as a decision in Oliver's favor would undermine his current conviction and incarceration. Oliver's Complaint and action are DISMISSED.

## III. 28 U.S.C. § 1915(g)

This dismissal may later count as a "strike" under 28 U.S.C. § 1915(g), because it is clear on the face of the Complaint that Oliver is challenging his current incarceration and conviction and he seeks damages only. *See Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (holding that, when a *Heck*-bar is apparent on the face of pleading and the complaint seeks damages only, such dismissal may incur a strike).[1]

## IV. CONCLUSION

(1) The Complaint is DISMISSED pursuant to the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). This dismissal is without prejudice but without leave granted to amend.

(2) Any pending motions are DENIED.

(3) The Clerk shall terminate this action and enter judgment.

IT IS SO ORDERED.

---

[1] Under § 1915(g) a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

DATED: Honolulu, Hawaii, December 5, 2018.



　　　　　　　　　　　　　　/s/ Leslie E. Kobayashi
　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　United States District Judge

*Oliver v. State*, No. 1:18-cv-00425 LEK-RLP; Dismissal Order