IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JUSTIN MITCHELL OLIVER, #A4015015, | CIV. NO. 1:18-cv-00425 LEK-RLP |
| Plaintiff, | ORDER GRANTING MOTION FOR RECONSIDERATION, VACATING JUDGMENT, AND DISMISSING COMPLAINT WITH PREJUDICE |
| vs. | |
| STATE OF HAWAII, | |
| Defendant. | |

Before the court is pro se Plaintiff Justin Mitchell Oliver's Motion for Reconsideration, ECF No. 8, of the December 5, 2018 Dismissal Order, ECF No. 6, which dismissed Oliver's Complaint and this action without prejudice but without leave to amend, for Oliver's failure to state a colorable claim for relief.

For the following reasons, Oliver's Motion for Reconsideration is GRANTED. The Dismissal Order and judgment are VACATED.

Oliver's Complaint, however, is again DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), for his continued failure to state a colorable claim for relief. Because amendment is again futile, this dismissal is with prejudice.

# I. **MOTION FOR RECONSIDERATION**

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence []; (3) fraud []; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged []; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Where none of these factors is present the motion is properly denied. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations, and emphasis omitted).

In his Complaint, Oliver seeks compensation for malicious prosecution and false imprisonment against the Honorable Shackley Raffetto, Circuit Judge of the Second Circuit Court, State of Hawaii, for Judge Raffetto's alleged failure to

dismiss Oliver's state criminal case for an alleged violation of his right to a speedy trial. This Court mistakenly assumed that Oliver was challenging Judge Raffetto's actions in his state criminal conviction in *State v. Oliver*, 1PC16-1-000004 (Haw. 1st Cir. 2016), under which Oliver is currently incarcerated for a probation violation. Based on this, the Court held that Oliver's speedy trial claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because his criminal conviction had not been reversed, expunged, set aside, or otherwise called into question, and a judgment in his favor in this civil rights action would undermine his state court conviction. *Heck*, 512 U.S. at 486-87.

Oliver now clarifies that he is not challenging any constitutional infirmities in his current criminal conviction for which he is incarcerated, which would be barred under the *Heck* Doctrine, but is challenging actions allegedly taken by Judge Raffetto in *State v. Oliver*, 2PC02-1-000563 (Haw. 2d Cir. 2002), in which Oliver was acquitted by reason of insanity on April 10, 2003. Oliver says that he did not waive his speedy trial rights in that case and was held for more than two years before his acquittal by reason of insanity. He states that he was then held in the Hawaii State Hospital for another two years until he was released.

Based on these clarifications and the Court's mistake regarding the criminal proceeding that formed the basis for its decision, the Motion for Reconsideration is

GRANTED. The Clerk is DIRECTED to VACATE the December 5, 2018 Dismissal Order and judgment and reopen this case.

## II. **REQUIRED SCREENING OF THE COMPLAINT**

Based on Oliver's clarification and the reopening of this case, the Court must again screen Oliver's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a complaint must allege enough facts to provide both "fair notice" of the claim asserted and "the grounds upon which [that claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "Threadbare recitals of the elements

4

of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Pro se pleadings must be liberally construed and all doubts should be resolved in the pro se plaintiff's favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). If the defects in the complaint can be corrected, leave to amend must be granted, *Lopez*, 203 F.3d at 1130; if a claim or complaint cannot be saved by amendment, dismissal without leave to amend or with prejudice is appropriate, *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. **DISCUSSION**

Oliver names only one Defendant to this suit, Judge Raffetto, although he names the State of Hawaii in the Complaint's caption. Oliver seeks compensatory and punitive damages for Judge Raffetto's alleged failure to dismiss his case, *State v. Oliver*, 2PC02-1-000563, more than fifteen years ago for an alleged violation of Oliver's speedy trial rights. Oliver claims that he spent approximately two and one-half years in pre-trial detention before his acquittal by reason of insanity and another two years committed to the Hawaii State Hospital, for a total of four and one-half years for which he seeks compensation.

### A.  Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166.

Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

Oliver seeks damages only; he does not seek prospective injunctive or declaratory relief. He cannot state a claim for damages against the State of Hawaii or Judge Raffetto in his official capacity and those claims are DISMISSED.

**B.     Judicial Immunity**

Judges are entitled to absolute immune from liability based on acts performed in their official capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir.1986) (en banc). "It is well established that state judges are entitled to absolute immunity for their judicial acts." *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)); *Ibeabuchi v. Thumma*, 741 F. App'x 506 (9th Cir. 2018). Judicial immunity applies no matter how "erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Swift*, 384 F.3d at 1074 (citing *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (quotations omitted)). Judicial immunity is not affected "by the motives with which their judicial acts are performed." *Ashelman*, 793 F.2d at 1077. Judicial immunity applies not only to lawsuits for damages, but also to suits seeking declaratory, injunctive, or other forms of equitable relief. *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (superceded by statute on other grounds ).

Judge Raffetto is immune from suit for allegedly failing to dismiss Oliver's criminal prosecution in 2PC02-1-000563, and claims alleged against him are DISMISSED with prejudice.

## IV. 28 U.S.C. § 1915(g)

This dismissal may later count as a "strike" under 28 U.S.C. § 1915(g), under which a prisoner is precluded from bringing a civil action or appeal in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## V. CONCLUSION

(1) Oliver's Motion for Reconsideration is GRANTED and the December 5, 2018 Dismissal Order and judgment are VACATED. The Clerk of Court is DIRECTED to reopen this case.

(2) The Complaint is DISMISSED with prejudice for Oliver's failure to state a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Any pending motions are DENIED.

(3) The Clerk shall terminate this action and enter judgment.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 14, 2019.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Oliver v. State*, No. 1:18-cv-00425 LEK-RLP; Scrn'g '19 Oliver 18-425 lek (grt recon dsm judge & HI ftsc)